IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NICTAVIOUS FRENCH, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DRT MATTHEWS, ET AL, )<br>    Defendants. ) | Civ. No. 2:24-cv-02535-SHM-tmp |

**ORDER DISMISSING CASE WITHOUT PREJUDICE
AND ASSESSING $405 CIVIL FILING FEE**

On July 29, 2024, Plaintiff Nictavious French, booking number 21101633 filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 3 (the "IFP Motion")). When French filed the complaint, he was confined at the Shelby County Jail (the "SCJ"), in Memphis, Tennessee. (ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 4.) French did not include a copy of his inmate trust account statement in his IFP Motion. (*See* ECF No. 3.) On July 31, 2024, the Court directed French to: (1) comply with 28 U.S.C. § 1915(a)(2) by submitting his inmate trust account statement; or (2) pay the hour hundred and five dollar ($405.00) civil filing fee within thirty (30) days. (ECF No. 4.) On October 8, 2024, the Court, pursuant to Federal Rule of Civil Procedure 41(b), (1) dismissed the case without prejudice for French's failure to prosecute (ECF No. 5) and (2) entered judgment (ECF No. 6) because French neither complied with the Court's July 31, 2024 Order nor sought an extension of time to do so.

On October 11, 2024, French submitted a letter to the Clerk of Court, alleging that (1) French received the Court's July 31, 2024 Order from SCJ staff "the last week of August 2024"

and (2) "the [SCJ] staff in charge of trust fund documents hasn't been to work in a month." (ECF No. 7-1 at PageID 15 (the "Letter").) French submitted with the Letter a copy of his inmate trust fund account statement for April 9, 2024 through September 16, 2024. (ECF No. 7 at PageID 14.)

Accepting as true -- solely for the purpose of considering the IFP Motion -- French's allegations in the Letter about (1) when he received the July 31, 2024 Order and (2) his limited access to his inmate trust account due to reduced staffing at the SCJ, the Court concluded that French alleged facts demonstrating good cause to consider the IFP Motion. (ECF No. 8.) On November 15, 2024, the Court: (1) directed the Clerk to re-open the case; (2) vacated the October 8, 2024 Order (ECF No. 5) and the Judgment (ECF No. 6); (3) denied leave to proceed *in forma pauperis* because the IFP Motion showed sufficient funds in French's inmate account to pay the civil filing fee; and (4) ordered French to pay the four hundred and five dollar ($405.00) filing fee within thirty (30) days. (*Id*.) The Court warned French that his failure to pay the filing fee by the deadline will result in the dismissal of the case without further notice pursuant to Federal Rule Civil Procedure 41(b) for (1) failure to prosecute and (2) failure to comply with the November 15, 2024 Order. (*Id*. at PageID 19.)

French's deadline to comply with the November 15, 2024 Order was Monday, December 16, 2024.[1] French has not complied with that Order or filed other documents in this case. It appears French has abandoned this action. Accordingly, this case is hereby DISMISSED without

---

[1] French's deadline under the November 15, 2024 Order fell on Sunday, December 15, 2024. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), Saturdays, Sundays, and legal holidays are not counted when computing deadlines under the Federal Rules of Civil Procedure. If a time period would otherwise end on a Saturday, Sunday, or legal holiday, the time period is deemed to extend to the next day when the Clerk's Office is open and accessible. Monday, December 16, 2024 is treated as French's deadline under the November 15, 2024 Order.

prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for French's failure to comply with the Court's November 15, 2024 Order.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d at 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that French cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at French's prison shall withdraw from French's trust fund account the sum of **four hundred and five dollars ($405.00)** and forward that amount to the Clerk of this Court. If the funds in French's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in French's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to French's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less than ten dollars ($10.00), unless that amount would constitute the final installment of the civil filing fee, provided that any balance under ten dollars ($10.00) is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into French's account to bring the balance to ten dollars ($10.00).

Each time that the trust fund officer makes a payment to the Court as required by this Order, the trust fund officer shall print a copy of French's account statement showing all activity in the

account since the last payment under this Order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

>  Clerk, United States District Court, Western District Tennessee
>  167 N. Main, Ste. 242
>  Memphis, TN 38103

and shall clearly identify French's name and the case number as it appears on the first page of this order. If French is transferred to a different prison or released, French is ORDERED to notify the Court immediately of French's change of address. If still confined, French shall provide the officials at the new prison with a copy of this Order. If French fails to abide by these or any other requirements of this Order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on French's ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is ORDERED to mail a copy of this Order to the prison official in charge of prison trust fund accounts and to the administrator of the jail to ensure that the custodian of French's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by French would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

IT IS SO ORDERED this __17th__ day of January, 2025.

        /s/ *Samuel H. Mays, Jr.*
        SAMUEL H. MAYS, JR.
        UNITED STATES DISTRICT JUDGE